WO

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Lane,<br><br>Plaintiff,<br><br>v.<br><br>City of Mesa, et al.,<br><br>Defendants. | No. CV-19-00852-PHX-DJH<br><br>**ORDER** |

Before the Court is Defendants City of Chandler and Garrett Dever's (collectively "Chandler Defendants") Motion for Access to Confidential Records, in which Chandler Defendants request an Order directing the "Maricopa County Adult Probation to produce a full and complete copy of Brandon Pequeño's probation records[.]" (Doc. 21 at 1). Plaintiff filed a Response (Doc. 22) and Chandler Defendants filed a Reply (Doc. 26). Defendant City of Mesa, Michael Pezzelle, James Pollard, Hoapili Baker, Jalyn Bellows, William Jones, Brandon Ekren, Andrew Walag, and Donald Rudd have all joined Chandler Defendants' Motion and Reply. (Doc. 28).

The Court notes that all Defendants in this matter were participating in the East Valley Task Force that was surveilling and pursuing Brandon Pequeño for the probation violation. (Doc. 10 at 5). Thus, it is presumed that Defendants have access to all of the records that the East Valley Task Force had access to when the incident occurred on April 20, 2017. Defendants have failed to establish how Brandon Pequeño's complete probation record is relevant to this matter. The Court will therefore deny Defendants' request for "a

1 | full and complete copy of Brandon Pequeño's probation records[.]" However, the Court will provide Defendants with an opportunity to request <u>specific</u> probation records and explain and how those records relate to Plaintiff's claims. Accordingly,

**IT IS ORDERED** that Defendants' Motion for Access to Confidential Records (Doc. 21) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants may submit briefing of no more than five (5) pages on or before <u>April 24, 2019</u>, that details the specific probation records of Brandon Pequeño that Defendants seek and how those records relate to Plaintiff's claims in her Amended Complaint. Plaintiff shall have seven days after service of Defendants' brief to file a Response of no more than five (5) pages. No Reply will be permitted.

**IT IS FINALLY ORDERED** that the parties shall not file written discovery motions without leave of Court. If a discovery dispute arises and cannot be resolved despite sincere efforts to resolve the matter through personal consultation (in person or by telephone), the parties shall **jointly file** (1) a brief written summary of the dispute, not to exceed two pages, with explanation of the position taken by each party and (2) a joint written certification that the counsel or the parties have attempted to resolve the matter through personal consultation and sincere effort as required by LRCiv 7.2(j) and have reached an impasse. If the opposing party has refused to personally consult, the party seeking relief shall describe the efforts made to obtain personal consultation. Upon review of the filed written summary of the dispute, the Court may set an in-court hearing or telephonic conference, order written briefing, or decide the dispute without conference or briefing. If the Court desires supplemental briefing prior to a hearing, counsel will be notified by order of the Court. Any briefing ordered by the Court shall comply with LRCiv 7.2(j).

Dated this 16th day of April, 2019.

Honorable Diane J. Humetewa
United States District Judge