1 | John T. Masterson, Bar #007447
Joseph J. Popolizio, Bar #017434
2 | Justin M. Ackerman, Bar #030726
Ian C. Beck, Bar #035599
3 | JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
4 | Phoenix, Arizona 85004
Telephone: (602) 263-1741
5 | Fax: (602) 200-7876
jmasterson@jshfirm.com
6 | jpopolizio@jshfirm.com
jackerman@jshfirm.com
7 | ibeck@jshfirm.com

8 | City of Mesa, Michael Pezzelle, James Pollard,
Hoapili Baker, Jalyn Bellows, William Jones,
9 | Brandon Ekren, Andrew Walag, and Donald
Rudd

10

11 | **UNITED STATES DISTRICT COURT**

12 | **DISTRICT OF ARIZONA**

13

14 | Jennifer Lane, individually and on behalf of
the statutory beneficiaries of S.L., and in
15 | her capacity as the Personal Representative
of the Estate of S.L.,

No. 2:19-cv-00852-SMB

**MESA DEFENDANTS' RESPONSE
TO PLAINTIFFS' SEPARATE
STATEMENT OF FACTS IN
SUPPORT OF PLAINTIFFS'
MOTION FOR PARTIAL
SUMMARY JUDGMENT**

16 | Plaintiffs,

17 | v.

18 | City of Mesa, a municipality; City of
Chandler, a municipality; Michael
19 | Pezzelle, an individual; James Pollard, an
individual; Hoapili Baker, an individual;
20 | Jalyn Bellows, an individual; William
Jones, an individual; Brandon Ekren, an
21 | individual; Andrew Walag, an individual;
Donald Rudd, an individual; and Garrett
22 | Dever, an individual,

**AND**

**MESA DEFENDANTS'
ADDITIONAL STATEMENTS OF
FACT IN SUPPORT
DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT**

23 | Defendants.

24

25

26 | Pursuant to Fed.R.Civ.P. 56 and LRCiv 56.1, Defendants City of Mesa, Michael

27 | Pezzelle, James Pollard, Hoapili Baker, Jalyn Bellows, William Jones, Brandon Ekren, Andrew

28 | Walag, and Donald Rudd ("the Mesa Defendants") hereby respond to Plaintiffs' Separate

Statement of Facts in support of Plaintiffs' Motion for Partial Summary Judgment ("PSOF") (Doc. 304) and also submit the Mesa Defendants' Additional Statements of Fact in Support of their Opposition to Plaintiffs' Motion for Partial Summary Judgment ("DASOF").

## I.   MESA DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF FACTS (DOC. 304).

1.     The Mesa Defendants do not dispute PSOF ¶ 1 for the purposes of the Mesa Defendants' Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment regarding State Law Affirmative Defenses only.

2.     The Mesa Defendants do not dispute the substance of the statements made in PSOF ¶ 2. However, the Mesa Defendants assert that the Plaintiffs' Second Amended Complaint is neither fact nor evidence in the record that can be used to support the cited Paragraph. *See* LRCiv 56.1(a) ("Each material fact in the separate statement must be set forth in a separately numbered paragraph and must refer to the ***specific admissible portion of the record*** where the fact finds support . . . ." (emphasis added)).

3.     **PARTIAL OBJECTION.** PSOF ¶ 3 omits necessary context to explain the meaning of Officer Leah Lara's statement. Prior to Officer Lara's first phone call to discuss the case, Det. Pezzelle did not know of Pequeño and only began investigating Pequeño ***after*** Officer Lara's call. *See* DSOF ¶ 24. Officer Lara explains that she had ***multiple*** discussions with Det. Pezzelle regarding Pequeño, via telephone and via email, hence Det. Pezzelle's memory of Pequeño. *See* PSOF Ex. 1 at pg. 3, ¶ 11. Additionally, the Mesa Defendants assert that Plaintiffs' citation to the Declaration of Leah Lara is insufficient in that it does not properly identify a specific paragraph or page where the statements are supported, in violation of LRCiv 56.1(a) ("Each material fact in the separate statement . . . . must refer to the ***specific*** admissible portion of the record where the fact finds support . . . ." (emphasis added)).

4.     The Mesa Defendants do not dispute PSOF ¶ 4 for the purposes of the Mesa Defendants' Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment regarding State Law Affirmative Defenses only.

5.    The Mesa Defendants do not dispute PSOF ¶ 5 for the purposes of the Mesa Defendants' Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment regarding State Law Affirmative Defenses only.

6.    **OBJECTION**. PSOF ¶ 6 is a compound Statement of Fact in violation of LRCiv 56.1(a) ("Each material fact in the separate statement must be set forth in a separately numbered paragraph and must refer to the specific admissible portion of the record where the fact finds support . . . ."). Notwithstanding that objection, the Mesa Defendants do not dispute the substance of the statements made in the PSOF ¶ 6 for the purposes of the Mesa Defendants' Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment regarding State Law Affirmative Defenses only.

7.    **OBJECTION**. Det. Pezzelle testified that Frances Gomez told him that she believed Brandon Pequeño was still in the possession of a stolen handgun but that she had not seen it on April 20, 2017. *See* PSOF Ex. 2 at 341:11-21. Ms. Gomez testified that she told Det. Pezzelle that Pequeño claimed he sold her gun and that "Pequeño doesn't have a gun, he didn't leave my house with a gun." *See* PSOF Ex. 3 at 56:17-19; 67:20-23. Accordingly, she did not, as Plaintiffs claim, *repeatedly* tell Det. Pezzelle that Pequeño no longer had a gun and had sold it. Rather, she informed Det. Pezzelle that she did not believe Pequeño had a gun as she did not specifically see him leave with one. Moreover, contrary to Plaintiffs' assertion here, Det. Pezzelle and the individual Defendants were aware that Pequeño was reportedly armed with a firearm. *See* DSOF ¶ 27, 63, 112. Det. Pezzelle had learned that Pequeño was suspected of robbing a Mesa, Arizona Econo Lodge while armed with a handgun. *See* DSOF ¶ 27. Finally, in addition to the objections to Plaintiffs' substantive mischaracterization of this testimony, the Mesa Defendants object that this is a compound Statement of Fact in violation of LRCiv. 56.1(a). ("Each material fact in the separate statement must be set forth in a *separately* numbered paragraph and must refer to the specific admissible portion of the record where the fact finds support . . . .") (emphasis added).

8.    **OBJECTION.** PSOF ¶ 8 is a compound Statement of Fact in violation of LRCiv. 56.1(a). ("Each material fact in the separate statement must be set forth in a

*separately* numbered paragraph and must refer to the specific admissible portion of the record where the fact finds support . . . .") (emphasis added). Moreover, although Ms. Gomez testified that she did not see Pequeño leave her home with a gun on April 20, 2017, Det. Pezzelle and the individual Defendants still had a firm basis to believe that Pequeño was armed with a firearm and was dangerous. *See* DSOF ¶ 27, 63, 112. Det. Pezzelle learned that Pequeño was suspected of robbing a Mesa, Arizona Econo Lodge while armed with a handgun. *See* DSOF ¶ 27.

9.    **PARTIAL OBJECTION**. While the Mesa Defendants do not entirely dispute PSOF ¶ 9 for the purposes of the Mesa Defendants' Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment regarding State Law Affirmative Defenses only, the Mesa Defendants wish to clarify that Pequeño did not pick up Sandoval-Rosa and S.L. directly from the Lane residence but, rather, from a location down the street from that house. *See* PSOF Ex. 4 at 18:4-11 ("No, [S.L.] came out, because her mother [Jennifer Lane] really didn't allow me to be at her house. So she would come out, and we were waiting down the street for an Uber to come take us . . . .").

10.    **PARTIAL OBJECTION.** While the Mesa Defendants do not entirely dispute PSOF ¶ 10 for the purposes of the Mesa Defendants' Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment regarding State Law Affirmative Defenses only, the Mesa Defendants wish to clarify that Pequeño did not drive S.L. and Sandoval-Rosa directly to the apartment complex at 5220 West Northern Avenue. Rather, he made stops so that he and Sandoval-Rosa could smoke methamphetamines and heroin. *See* DSOF ¶¶ 52-53.

11.    The Mesa Defendants do not dispute PSOF ¶ 11 for the purposes of the Mesa Defendants' Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment regarding State Law Affirmative Defenses only.

12.    The Mesa Defendants do not dispute PSOF ¶ 12 for the purposes of the Mesa Defendants' Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment regarding State Law Affirmative Defenses only.

9416059.1

13.  **OBJECTION**. Plaintiffs' Motion for Partial Summary "relates *solely* to [] state law affirmative defenses." *See* Doc. 303 at 9:22-23. The facts asserted in PSOF ¶ 13 do not make any fact related to those affirmative defenses more or less probable, nor are they of any consequence in determining whether Plaintiffs' are entitled to summary judgment on the challenged affirmative defenses. *See* Fed.R.Civ.P. 401. The state law affirmative defenses asserted by the Mesa Defendants in this action pertain to statutory privileges and immunities, justification defenses, comparative fault for the subject incident, and the statutory defenses arising out of Pequeño's and S.L.'s actions. The facts asserted in PSOF ¶ 13, which relate solely to Det. Walag's observations of Sandoval-Rosa upon arriving at the apartment complex, do not relate at all to the application of those defenses and are, therefore, irrelevant to Plaintiffs' Motion.

14.  **OBJECTION**. Plaintiffs' Motion for Partial Summary is "relates *solely* to [] state law affirmative defenses." *See* Doc. 303 at 9:22-23. The facts asserted in PSOF ¶ 14 do not make any fact related to those affirmative defenses more or less probable, nor are they of any consequence in determining whether Plaintiffs' are entitled to summary judgment on the challenged affirmative defenses. *See* Fed.R.Civ.P. 401. The state law affirmative defenses asserted by the Mesa Defendants in this action pertain to statutory privileges and immunities, justification defenses, comparative fault for the subject incident, and the statutory defenses arising out of Pequeño's and S.L.'s actions. The facts asserted in PSOF ¶ 14, which relate solely to Pequeño's, Sandoval-Rosa's, and S.L.'s movements through the apartment complex prior to the subject incident, do not relate at all to the application of those defenses and are, therefore, irrelevant to Plaintiffs' Motion. Additionally, the Mesa Defendants object that this is a compound Statement of Fact in violation of LRCiv. 56.1(a). ("Each material fact in the separate statement must be set forth in a *separately* numbered paragraph and must refer to the specific admissible portion of the record where the fact finds support . . . .") (emphasis added).

15.  **OBJECTION**. Plaintiffs' Motion for Partial Summary is "relates *solely* to [] state law affirmative defenses." *See* Doc. 303 at 9:22-23. The facts asserted in PSOF ¶ 15

9416059.1

do not make any fact related to those affirmative defenses more or less probable, nor are they of any consequence in determining whether Plaintiffs' are entitled to summary judgment on the challenged affirmative defenses. *See* Fed.R.Civ.P. 401.  The state law affirmative defenses asserted by the Mesa Defendants in this action pertain to statutory privileges and immunities, justification defenses, comparative fault for the subject incident, and the statutory defenses arising out of Pequeño's and S.L.'s actions. The facts asserted in PSOF ¶ 15, which pertain to the VOU's decision to deploy a vehicle containment technique to apprehend Pequeño, do not relate at all to the application of those defenses and are, therefore, irrelevant to Plaintiffs' Motion. Additionally, the Mesa Defendants object that this is a compound Statement of Fact in violation of LRCiv. 56.1(a). ("Each material fact in the separate statement must be set forth in a *separately* numbered paragraph and must refer to the specific admissible portion of the record where the fact finds support . . . .") (emphasis added).

16.    **OBJECTION**. Plaintiffs improperly editorialize their cited evidence by stating that the vehicle containment technique is "an intentional car crash." That terminology finds no support in the cited evidence, or, indeed, elsewhere in this litigation. Nor does the cited evidence state that a vehicle containment involves "ram[ming]" a suspect's vehicle, as Plaintiffs improperly editorialize here.  Additionally, Plaintiffs' cited authority for PSOF ¶ 16 lacks foundation and is inadmissible hearsay. *See* F.R.Evid. 801 & 802. The cited authority consists of training materials which lack any foundational affidavit to provide proper context, verification, and authority. Additionally, the Mesa Defendants object that this is a compound Statement of Fact in violation of LRCiv. 56.1(a). ("Each material fact in the separate statement must be set forth in a *separately* numbered paragraph and must refer to the specific admissible portion of the record where the fact finds support . . . .") (emphasis added).

17.    **OBJECTION**. Plaintiffs' cited authority for PSOF ¶ 17 lacks foundation and is inadmissible hearsay. *See* F.R.Evid. 801 & 802. Here again, Plaintiffs' cite to training materials that lack any foundational affidavit to provide proper context, verification, and authority. Additionally, the Mesa Defendants object that this is a compound Statement of Fact in violation of LRCiv. 56.1(a). ("Each material fact in the separate statement must be set

forth in a *separately* numbered paragraph and must refer to the specific admissible portion of the record where the fact finds support . . . .") (emphasis added).

18.   **OBJECTION**. Plaintiffs' cited authority for PSOF ¶ 18 lacks foundation and is inadmissible hearsay. *See* F.R.Evid. 801 & 802. Specifically, the training materials Plaintiffs cite has no foundational affidavit to provide proper context, verification, and authority. Additionally, the Mesa Defendants object that this is a compound Statement of Fact in violation of LRCiv. 56.1(a). ("Each material fact in the separate statement must be set forth in a *separately* numbered paragraph and must refer to the specific admissible portion of the record where the fact finds support . . . .") (emphasis added).

19.   **OBJECTION**. Plaintiffs' cited authority for PSOF ¶ 19 lacks foundation and is inadmissible hearsay. *See* F.R.Evid. 801 & 802.  Once again, the training materials Plaintiffs cite have no foundational affidavit to provide proper context, verification, and authority. Additionally, the Mesa Defendants object that this is a compound Statement of Fact in violation of LRCiv. 56.1(a). ("Each material fact in the separate statement must be set forth in a *separately* numbered paragraph and must refer to the specific admissible portion of the record where the fact finds support . . . .") (emphasis added). Moreover, to the extent the Plaintiffs' Statement of Facts implies that the individual Defendants utilized the vehicle containment technique as anything but a "last method," there is clear and undisputed evidence that the individual Defendants attempted to locate Pequeño on foot and apprehend him in the apartment complex. *See* DSOF ¶¶ 22 and 23.

20.   The Mesa Defendants do not oppose PSOF ¶ 20 for the purposes of the Mesa Defendants' Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment regarding State Law Affirmative Defenses only. However, consistent with the Mesa Defendants' objections to PSOF ¶¶ 7 and 8, the Mesa Defendants assert that, Det. Pezzelle and the individual Defendants were aware and properly believed that Pequeño was reportedly armed with a firearm. *See* DSOF ¶ 27, 63, 112. Det. Pezzelle also learned that Pequeño was suspected of robbing a Mesa, Arizona Econo Lodge while armed with a handgun. *See* DSOF ¶ 27.

21.   **OBJECTION**. PSOF ¶ 21 misstates Det. Pezzelle's testimony. Det. Pezzelle testified that a successful vehicle containment would serve to "detain[]" Pequeño, Damien Sandoval-Rosa, and S.L. *See* PSOF Ex. 2 at 270:16-24. Additionally, PSOF ¶ 21 purportedly speaks to the knowledge of all the individual Defendants while citing *only* to the testimony of a single individual Defendant. The cited authority of only one Defendant's testimony is wholly insufficient to speak to the knowledge of all the individual Defendants. In addition, the cited authority does not support PSOF ¶ 21. Det. Pezzelle speaks only to *his* knowledge, not that of the other individual defendants. *See* PSOF Ex. 2 at 271:21-272:4 ("Q: *You* knew that if the vehicle containment was properly executed . . . the passengers . . . would be in the vehicle for the shooting . . . . A: *I* was aware of that, yes.") (emphasis added).

22.   **OBJECTION**. Plaintiffs' Motion for Partial Summary is "relates *solely* to [] state law affirmative defenses." *See* Doc. 303 at 9:22-23. The facts asserted in PSOF ¶ 22 do not make any fact related to those affirmative defenses more or less probable, nor are they of any consequence in determining whether Plaintiffs' are entitled to summary judgment on the challenged affirmative defenses. *See* Fed.R.Civ.P. 401. The state law affirmative defenses asserted by the Mesa Defendants in this action pertain to statutory privileges and immunities, justification defenses, comparative fault for the subject incident, and the statutory defenses arising out of Pequeño's and S.L.'s actions. The facts asserted in PSOF ¶ 22, which pertain solely to whether S.L. would be able to exit the vehicle after the vehicle containment was initiated, do not relate at all to the application of those defenses and are, therefore, irrelevant to Plaintiffs' Motion.

Moreover, PSOF ¶ 22 willfully ignores the fact that the VOU detectives attempted to locate Pequeño on foot in the apartment complex to apprehend him there, but were unable to do so. *See* DSOF ¶¶ 78-79. It was only after those efforts failed that the VOU Detectives developed a plan to perform a vehicle containment to apprehend Pequeño. DSOF ¶ 80. That decision was made because Pequeño was too great a risk to be allowed to leave the parking lot. DSOF ¶ 81. The vehicle containment was the best opportunity to avoid any potential violence and the VOU Detectives took minimizing risk of the vehicle occupants into

account, as they always do. DSOF ¶¶ 83-84.

23. **OBJECTION.** Plaintiffs' Motion for Partial Summary is "relates *solely* to [] state law affirmative defenses." *See* Doc. 303 at 9:22-23. The facts asserted in PSOF ¶ 23 do not make any fact related to those affirmative defenses more or less probable, nor are they of any consequence in determining whether Plaintiffs' are entitled to summary judgment on the challenged affirmative defenses. *See* Fed.R.Civ.P. 401. The state law affirmative defenses asserted by the Mesa Defendants in this action pertain to statutory privileges and immunities, justification defenses, comparative fault for the subject incident, and the statutory defenses arising out of Pequeño's and S.L.'s actions. The facts asserted in PSOF ¶ 23, which pertain solely to the specific decision to utilize the vehicle containment technique to apprehend Pequeño, do not relate at all to the application of those defenses and are, therefore, irrelevant to Plaintiffs' Motion.

Moreover, PSOF ¶ 23 willfully ignores the fact that the VOU detectives attempted to locate Pequeño on foot in the apartment complex to apprehend him there, but were unable to do so. *See* DSOF ¶¶ 78-79. It was only after those efforts failed that the VOU Detectives developed a plan to perform a vehicle containment to apprehend Pequeño. DSOF ¶ 80. That decision was made because Pequeño was too great a risk to be allowed to leave the parking lot. DSOF ¶ 81. The vehicle containment was the best opportunity to avoid any potential violence and the VOU Detectives took minimizing risk of the vehicle occupants into account, as they always do. DSOF ¶¶ 83-84.

24. **OBJECTION**. PSOF ¶ 24 calls for a legal conclusion and is not a proper statement of fact. Moreover, its basis is subject to the Mesa Defendants' pending Motion for Summary Judgment. [Doc. 306]. Moreover, PSOF ¶ 24 once again ignores the clear need to apprehend Pequeño before he was allowed to leave the parking lot and inflict greater harm. DSOF ¶ 81. Pequeño had already assaulted Ms. Gomez, threatened Mr. Pals with a knife, attempted to kidnap Ms. Gomez, stole her vehicle, fled from Chandler police officer, committed a number of civil traffic violations, and consumed methamphetamines and heroin. *See* DSOF ¶¶ 29, 35-39, 52-53, 59, and 65.

25.     The Mesa Defendants do not dispute PSOF ¶ 25 for the purposes of the Mesa Defendants' Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment regarding State Law Affirmative Defenses only.

26.     **OBJECTION.** Plaintiffs' Motion for Partial Summary is "relates *solely* to [] state law affirmative defenses." *See* Doc. 303 at 9:22-23. The facts asserted in PSOF ¶ 26 do not make any fact related to those affirmative defenses more or less probable, nor are they of any consequence in determining whether Plaintiffs' are entitled to summary judgment on the challenged affirmative defenses. *See* Fed.R.Civ.P. 401. The state law affirmative defenses asserted by the Mesa Defendants in this action pertain to statutory privileges and immunities, justification defenses, comparative fault for the subject incident, and the statutory defenses arising out of Pequeño's and S.L.'s actions. PSOF ¶ 26 asserts that the individual Defendants did not have an explicit briefing on Plaintiffs' narrowly-designated topics prior to the vehicle containment. Those facts have no bearing on the mesa Defendant's asserted defenses, which pertain solely to Pequeño's actions which justified a use of force against him, S.L.'s actions in potentially implicating statutory criminal act defenses, and the statutory privileges and immunities the Mesa Defendants are entitled to. The Plaintiffs' statement also ignores that, in the context of the unfolding events, the VOU detectives had no time to have any of the detailed discussion of those specifically itemized topics, nor can Plaintiffs cite to any authority indicating that such discussions were required. In fact, the VOU detectives testified that those types of discussions are not typically had when officers are in the field attempting to apprehend a suspect. *See* DASOF ¶ 1. Even without those conversations, the VOU detectives, as they always do, took minimizing the risk to vehicle occupants into account. DSOF ¶ 85.

27.     **OBJECTION**. Plaintiffs' Motion for Partial Summary is "relates *solely* to [] state law affirmative defenses." *See* Doc. 303 at 9:22-23. The facts asserted in PSOF ¶ 27 do not make any fact related to those affirmative defenses more or less probable, nor are they of any consequence in determining whether Plaintiffs' are entitled to summary judgment on the challenged affirmative defenses. *See* Fed.R.Civ.P. 401. The state law affirmative defenses asserted by the Mesa Defendants in this action pertain to statutory privileges and immunities,

justification defenses, comparative fault for the subject incident, and the statutory defenses arising out of Pequeño's and S.L.'s actions. The facts asserted in PSOF ¶ 27, which pertain solely to Pequeño, S.L., and Sandoval-Rosa entering the stolen Toyota Corolla and their positioning therein, do not relate at all to the application of those defenses and are, therefore, irrelevant to Plaintiffs' Motion. Additionally, the Mesa Defendants object that this is a compound Statement of Fact in violation of LRCiv. 56.1(a). ("Each material fact in the separate statement must be set forth in a *separately* numbered paragraph and must refer to the specific admissible portion of the record where the fact finds support . . . .") (emphasis added).

28.   **OBJECTION**. Damien Sandoval-Rosa, whose testimony PSOF ¶ 28 relies on as its cited authority, has no foundation or personal knowledge to know the VOU detectives' presence prior to the vehicle containment and could only impermissibly speculate as to the personal knowledge of Pequeño and S.L. Moreover, PSOF ¶ 28 is once again irrelevant as it does not assert any fact that is related to the Mesa Defendants' affirmative state law defenses, the sole issue of Plaintiffs' Motion for Partial Summary Judgment. *See* Fed.R.Civ.P. 401.  The state law affirmative defenses asserted by the Mesa Defendants in this action pertain to statutory privileges and immunities, justification defenses, comparative fault for the subject incident, and the statutory defenses arising out of Pequeño's and S.L.'s actions. PSOF ¶ 28 asserts mere speculation as to what Pequeño, S.L., and Sandoval-Rosa were aware of or not in the moments prior to the vehicle containment. Even if that speculation was presented and supported as fact, it would have no relation whatsoever to the application of those defenses and are, therefore, irrelevant to Plaintiffs' Motion.

29.   **PARTIAL OBJECTION**. The Mesa Defendants do not dispute PSOF ¶ 29 for the purposes of the Mesa Defendants' Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment regarding State Law Affirmative Defenses only. However, the Mesa Defendants partially object on the grounds that the cited authority provides no basis for the parenthetical references to Sandoval-Rosa and S.L.

30.   **OBJECTION.** PSOF ¶ 30 calls for a legal conclusion and is an

improper statement of fact. Moreover, the issue of whether the individual Defendants were aware of information that would lead a reasonable officer to believe it was necessary to use force is a pure legal issue that must be decided by this Court, is not a factual statement, and is the central issue this Court is being called upon to decide in the Mesa Defendants' Motion for Summary Judgment. *See* Doc. 306 at § IV. Moreover, it is undisputed that Det. Baker's, Det. Pollard's, and Det. Pezzelle's uses of force were intended ***solely*** for Pequeño. *See* DSOF ¶¶ 117, 119, 127. Plaintiffs' attempt to focus on a use of force "against S.L." is improper. Moreover, it is both improper and irrelevant to the Plaintiffs' Motion to argue that the individual Defendants required a justification to use deadly force against S.L. because such force was justified against Pequeño and they did not ever intend to harm S.L. *See* DSOF ¶¶ 117, 119, 127.

31.     **OBJECTION**. PSOF ¶ 31 is utterly irrelevant to the Plaintiffs' Motion for Partial Summary Judgment. Whether or not S.L. was suspected of having committed a crime has no relevance on any of the contested issues within Plaintiffs' Motion for Partial Summary Judgment – as Pequeño clearly had committed various crimes at the time of the incident.

32.     **OBJECTION**. PSOF ¶ 32 is utterly irrelevant to the Plaintiffs' Motion for Partial Summary Judgment. Whether or not S.L. threatened, attempted to assault, or posed a threat to the VOU detectives has no relevance on any of the contested issues within Plaintiffs' Motion for Partial Summary Judgment given that Pequeño clearly attempted to assault, posted a threat to the VOU detectives and others at the time of the incident giving rise to the action. Thus, the record is uncontested that Pequeño posed a threat to the individual Defendants. *See* DSOF ¶¶ 104.

33.     **OBJECTION**. PSOF ¶ 33 is utterly irrelevant to the Plaintiffs' Motion for Partial Summary Judgment. Whether or not S.L. was armed or believed to be armed has no relevance on any of the contested issues within Plaintiffs' Motion for Partial Summary Judgment. Pequeño, who threatened the officers with his sudden, furtive movements, was reportedly armed with a handgun, had attempted to kidnap Gomez hours earlier while armed

with a knife, and had used that knife already to threaten a bystander. DSOF ¶¶ 112, 36-39.

34. **OBJECTION**. PSOF ¶ 31 is utterly irrelevant to the Plaintiffs' Motion for Partial Summary Judgment. Whether or not S.L. had attempted to flee or resist arrest has no relevance on any of the contested issues within Plaintiffs' Motion for Partial Summary Judgment. It is uncontested that Pequeño was revving his engine and had rammed the officers' cars in an effort to escape the vehicle containment. *See* DSOF ¶¶ 103-104; PSOF ¶ 45.

35. **OBJECTION**. The fact that there was no gun in the Toyota Corolla was only learned *after* the incident. [*See* PSOF Ex. 2 at 146:1-147:9 (Discussing Det. Pezzelle's actions on the scene following the incident); *See* PSOF Ex. 9 at 93:1-6 ("Q. You don't know if there's a fun in the car? A. I think I was told later there wasn't . . . .")]. At the time Pequeño made a sudden, furtive movement, the individual Defendants were all operating on the reported information that Pequeño may have been armed with a handgun, that he was armed with a knife, and had used that knife to threaten other individuals that same day. [DSOF ¶ 63, 112]. Moreover, at the time of the incident, the VOU Detectives had no knowledge whatsoever as to whether either of the other occupants were armed.

36. **OBJECTION**. PSOF ¶ 36 willfully ignores the fact that the VOU detectives attempted to locate Pequeño on foot in the apartment complex to apprehend him there, but were unable to do so. *See* DSOF ¶¶ 78-79. It was only after those efforts failed that the VOU Detectives developed a plan to perform a vehicle containment to apprehend Pequeño. DSOF ¶ 80. That decision was made because Pequeño was too great a risk to be allowed to leave the parking lot. DSOF ¶ 81. The vehicle containment was the best opportunity to avoid any potential violence and the VOU Detectives took minimizing risk of the vehicle occupants into account, as they always do. DSOF ¶¶ 83-84.

37. The Mesa Defendants do not dispute PSOF ¶ 37 for the purposes of the Mesa Defendants' Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment regarding State Law Affirmative Defenses only.

38. The Mesa Defendants do not dispute PSOF ¶ 38 for the purposes of the Mesa Defendants' Response in Opposition to Plaintiffs' Motion for Partial Summary

Judgment regarding State Law Affirmative Defenses only.

39.     The Mesa Defendants do not dispute PSOF ¶ 39 for the purposes of the Mesa Defendants' Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment regarding State Law Affirmative Defenses only.

40.     **PARTIAL OBJECTION.** PSOF ¶ 40 mischaracterizes the testimony offered in Plaintiffs' cited authority. Det. Dever did not claim to have "rammed" the front end of Pequeño's vehicle. *See* PSOF Ex. 11 at 59:20-60:9. Rather, Det. Dever testified that he "put his vehicle in reverse, gave the command to move and backed up until I felt contact with the vehicle." *Id.* Moreover, the Mesa Defendants object that this is a compound Statement of Fact in violation of LRCiv. 56.1(a). ("Each material fact in the separate statement must be set forth in a *separately* numbered paragraph and must refer to the specific admissible portion of the record where the fact finds support . . . .") (emphasis added).

41.     **PARTIAL OBJECTION**. PSOF ¶ 41 incorrectly indicated that Det. Pollard was driving a Toyota 4Runner when he was in fact driving a Ford Explorer. *See* DASOF ¶ 2. Additionally, as with the preceding statement of fact, PSOF ¶ 41 mischaracterizes the testimony offer in the cited authority. Det. Pollard did not testify that he "ram[med]" the rear bumper of Pequeño's vehicle. *See* PSOF Ex. 6 at 213:5-215:1. Rather, he testified that "[t]hen I will eventually *make contact with the rear bumper of the target vehicle*." *Id.* (emphasis added).

42.     **OBJECTION**. PSOF ¶ 42 mischaracterizes the testimony in its cited authority. Sandoval-Rosa speaks only to his own reaction to the vehicle containment, not to that of Pequeño or S.L. *See* PSOF Ex. 4 at 156:12-17 ("Q: So at that point in time that is when you say that you felt an impact to the rear of the car. A: Yes. Q: Okay. And that surprised *you*. A: Yes.") (emphasis added). Even if Sandoval-Rosa had offered testimony on whether Pequeño or S.L. were "shocked and alarmed" by the vehicle containment, he would have no foundation or personal knowledge to do so. Any such testimony would be mere speculation. Additionally, PSOF ¶ 42 is a compound Statement of Fact in violation of LRCiv 56.1(a) ("Each material fact in the separate statement must be set forth in a separately numbered paragraph

14

1   and must refer to the specific admissible portion of the record where the fact finds support .

2   . . .").

3         43.     The Mesa Defendants do not dispute PSOF ¶ 43 for the purposes of the

4   Mesa Defendants' Response in Opposition to Plaintiffs' Motion for Partial Summary

5   Judgment regarding State Law Affirmative Defenses only.

6         44.     The Mesa Defendants do not dispute PSOF ¶ 44 for the purposes of the

7   Mesa Defendants' Response in Opposition to Plaintiffs' Motion for Partial Summary

8   Judgment regarding State Law Affirmative Defenses only.

9         45.    **OBJECTION**. PSOF ¶ 45 mischaracterizes the evidence of this case.

10   The vehicle containment was not successful at the time Pequeño revved his engine, as

11   Plaintiffs claim here. After making contact from the front block position, *but before the*

12   *containment was completed*, Det. Dever felt Pequeño's vehicle pushing against his own.

13   DSOF ¶ 96. Pequeño then put his vehicle into reverse and pushed backwards in Det. Pollard's

14   vehicle. DSOF ¶ 97. In fact, Pequeño pushed backwards so forcefully that he was able to

15   create a few inches of clearance. DSOF ¶ 99. Thus, Pequeño revved his engine and his vehicle

16   was not immobilized, as Plaintiffs claim here.

17         46.    **OBJECTION.** PSOF ¶ 46 mischaracterizes the cited authority. Only

18   Sandoval-Rosa testifies that Pequeño shifted the vehicle into park *after* revving his engine in

19   an attempt to escape. *See* PSOF Ex. 4 at 163:13-166:1-14. Det. Pezzelle does not have any

20   knowledge of whether Pequeño actually shifted his vehicle into park, nor does he testify to

21   that. *See* PSOF Ex. 2 at 122:12-17; 127:12-16. Det. Pezzelle testifies only that Pequeño's vehicle

22   stopped moving, not that it was placed in park. *Id.*

23         47.    **PARTIAL OBJECTION**. While the Mesa Defendants do not entirely

24   dispute PSOF ¶ 47 for the purposes of the Mesa Defendants' Response in Opposition to

25   Plaintiffs' Motion for Partial Summary Judgment regarding State Law Affirmative Defenses

26   only, the Mesa Defendants point out that officers gave commands, but nothing in the cited

27   authority indicates that each of the officers' verbal commands were given simultaneously.

28   Accordingly, there is no specific support for Plaintiffs' contention that the officers were

"shouting [] over each other."

48. **OBJECTION.** PSOF ¶ 48 mischaracterizes the cited authority. Sgt. Bellows does not testify that he heard the officers' commands and weapons firing at the same time. In fact, he testified that "[a]nd there's already . . . verbal commands . . . [a]nd *then* I start hearing rounds going off." *See* PSOF Ex. 10 at 214:7-24.

49. The Mesa Defendants do not dispute PSOF ¶ 49 for the purposes of the Mesa Defendants' Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment regarding State Law Affirmative Defenses only. However, the Mesa Defendants seek to clarify that Det. Jones fired beanbag rounds into Pequeño's driver's side window after Pequeño failed to comply with the officers' commands to stop moving, roll his windows downs, and raise his hands. DSOF ¶¶ 106-109.

50. **PARTIAL OBJECTION.** The Mesa Defendants do not dispute PSOF ¶ 50 for the purposes of the Mesa Defendants' Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment regarding State Law Affirmative Defenses only. However, the Mesa Defendants seek to clarify that Det. Pezzelle testified that he did not know how much time elapsed between his arriving at the side of Det. Walag's vehicle and when the first shot was fired, though he estimated that it was within thirty seconds of his arrival. *See* PSOF Ex. 2 at 128:2-13.

51. The Mesa Defendants do not dispute PSOF ¶ 51 for the purposes of the Mesa Defendants' Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment regarding State Law Affirmative Defenses only.

52. **OBJECTION**. PSOF ¶ 52 mischaracterizes the stated evidence. While he did not use the language "duck down," Det. Walag testified that he saw S.L. turn inward away from the door and disappear straight down. DSOF ¶ 130. The facts asserted in PSOF ¶ 52 are irrelevant to the limited scope of Plaintiffs' Motion for Partial Summary Judgment regarding State Law Affirmative Defenses. *See* Fed.R.Evid. 401.  The state law affirmative defenses asserted by the Mesa Defendants in this action pertain to statutory privileges and immunities, justification defenses, comparative fault for the subject incident, and the statutory

9416059.1

defenses arising out of Pequeño's and S.L.'s actions. The facts asserted in PSOF ¶ 52, which purport to pertain to what Dets. Pollard and Walag saw (or didn't see) of S.L. prior to the incident, do not relate at all to the application of those defenses and are, therefore, irrelevant to Plaintiffs' Motion. Additionally, they are irrelevant to this action as a whole because neither Det. Pollard nor Det. Walag used any force against S.L. DSOF ¶ 141 (Plaintiffs' expert witness concluded that the sole bullet to strike S.L. came from Det. Pezzelle's gun). Finally, PSOF ¶ 52 is a compound Statement of Fact in violation of LRCiv 56.1(a) ("Each material fact in the separate statement must be set forth in a separately numbered paragraph and must refer to the specific admissible portion of the record where the fact finds support . . . .").

53.   **OBJECTION.** While the Mesa Defendants do not entirely dispute PSOF ¶ 53 for the purposes of the Mesa Defendants' Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment regarding State Law Affirmative Defenses only, as currently drafted, PSOF ¶ 53 is vague as to when Det. Pezzelle was able to see S.L. in the back seat. The Mesa Defendants accordingly seek to clarify that Det. Pezzelle testified that he was only able to see S.L. in the backseat when he originally approached the stolen Corolla. *See* PSOF Ex. 2 at 117:13-24. However, after that initial approach, Det. Pezzelle saw S.L. turn away from the door and disappear from view and thereafter was unable to see her for the remainder of the incident. *See* DSOF ¶¶ 130-133.

54.   **PARTIAL OBJECTION**. The Mesa Defendants do not dispute that Det. Pezzelle saw Pequeño rotate his body. However, to the extent PSOF ¶ 54 claims that Det. Pezzelle saw Pequeño raise his hands, which were empty, that claim grossly mischaracterizes the cited authority. In fact, Det. Pezzelle testified that when he saw Pequeño raise his hands, he thought Pequeño was pulling a pistol out. *See* PSOF Ex. 2 at 116:6-23 ("When he made this movement like that, I thought he pulled a pistol out.").

55.   **OBJECTION.** PSOF ¶ 55 grossly mischaracterizes the cited authority to the point of outright fabrication and is rife with baseless speculation. At no point during the vehicle containment did Pequeño comply with the officers' lawful commands to raise his hands. *See* DSOF ¶¶ 106-106. Nor does Plaintiffs' cited authority support that statement.

Neither Det. Pezzelle nor Det. Jones testify that Pequeño leaned over the center console while his hands were raised. *See* PSOF Ex. 2 at 343:3-12; PSOF Ex. 12 at 231:23-322:4. To state so is a gross mischaracterization of their testimony. Sandoval-Rosa, seated directly next to Pequeño, saw that after the officers commanded the vehicle occupants to put their hands up, Pequeño made a move back toward the driver's side of the vehicle then leaned over towards the vehicle's center console. *See* DASOF ¶ 10. To the extent PSOF ¶ 55 speculates as to the "presum[ptive]" reason why Pequeño acted as he did, it is improper and finds no support in the cited authority or anywhere else in the record of this case.

56.     **OBJECTION.** PSOF ¶ 56 once again grossly mischaracterizes its cited authority. Det. Pezzelle testified that "[he] saw the motion that [Pequeño] made like that. And given the totality of all those things that happened leading up to it, I thought he had a pistol." *See* PSOF Ex. 2 at 116:10-23.

57.     **PARTIAL OBJECTION**. PSOF ¶ 57 is vague as to the timing of when the Toyota Corolla was not moving. While the Mesa Defendants do not dispute that at some point the Corolla came to rest, there is ample evidence that the Corolla was moving as Pequeño attempted to ram his way free of the containment. DSOF ¶¶ 95-105. Accordingly, as drafted, PSOF ¶ 57 is vague.

58.     **OBJECTION**. PSOF ¶ 58 mischaracterizes the evidence in the cited authority. Det. Pezzelle's undisputed testimony is that he aimed each and every one of the rounds he fired specifically and solely at Pequeño's chest and upper torso. DSOF ¶ 127. When he did so, he had an unobstructed view of Pequeño's upper body. DSOF ¶ 128. Additionally, S.L. was no longer seated in the rear passenger seat, as she had already disappeared down towards the floorboards of the vehicle when Det. Pezzelle fired his first shot. DSOF ¶ 129. Once there, S.L. was out of Det. Pezzelle's view completely and remained out of view for the duration of the shooting. DSOF ¶¶ 131-133. The undisputed evidence of this case is clear that Det. Pezzelle did not intentionally shoot S.L. He aimed only at Pequeño and had a clear, unobstructed view *only* of Pequeño. Det. Pezzelle never had the intent to aim his gun at, or shoot, S.L.

59.     **OBJECTION.** PSOF ¶ 59 is entirely irrelevant to the Mesa Defendants' state law affirmative defenses, which amount to the sole scope of the Plaintiffs' Motion for Partial Summary Judgment. *See* Fed.R.Evid. 401. The state law affirmative defenses asserted by the Mesa Defendants in this action pertain to statutory privileges and immunities, justification defenses, comparative fault for the subject incident, and the statutory defenses arising out of Pequeño's and S.L.'s actions. The facts asserted in PSOF ¶ 59 pertain solely to whether Det. Pezzelle gave a verbal warning prior to firing his weapon, which has no bearing whatsoever on the applicability of the Mesa Defendants' stated defenses and are, therefore, irrelevant to Plaintiffs' Motion. Moreover, to the extent Plaintiffs assert this fact in an attempt to argue that a verbal warning was required under the circumstances, the Ninth Circuit has already rejected that argument as unpersuasive. *See Krause v. County of Mohave*, 2021 WL 1667042 (9th Cir. April 28, 2021) (Mem.) ("We reject as unpersuasive Plaintiff's contention that [the officer's] repeated orders to drop the gun provided insufficient warning to [plaintiff] or that a more fulsome warning was practicable during the short duration of this event.") *aff'ing* 2020 WL 2541728 (D. Ariz. 2020).

60.     **OBJECTION**. PSOF ¶ 60 misstates and exaggerates the cited authority. Lucien Haag's testimony is that the bullet that hit S.L. was "almost certainly" the first bullet fired by Det. Pezzelle, but was not definitive in that conclusion as is presented in PSOF ¶ 60. *See* DSOF Ex. 17 at 79:16-19. Moreover, Det. McMillen testified only that a bullet struck S.L., he does *not* offer any opinions whatsoever on whether that bullet was the first one fired by Det. Pezzelle. *See* DSOF Ex. 14 at 82:17-23; 115:1-7.

61.     The Mesa Defendants do not dispute PSOF ¶ 61 for the purposes of the Mesa Defendants' Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment regarding State Law Affirmative Defenses only.

62.     **PARTIAL OBJECTION**. To the extent PSOF ¶ 62 purports to establish the exact order in which Det. Baker perceived Pequeño squealing his tires, the individual Defendants shouting commands, and gunshots, that specific order is not supported in the cited authority. *See* PSOF Ex. 9 at 63:1-64:13. As an additional point of clarification,

19

PSOF ¶ 62 cites to page 64 of Det. Baker's deposition transcript, but that page is not included in Doc. 304-1.   Additionally, PSOF ¶ 62 is a compound Statement of Fact in violation of LRCiv. 56.1(a). ("Each material fact in the separate statement must be set forth in a ***separately*** numbered paragraph and must refer to the specific admissible portion of the record where the fact finds support . . . .") (emphasis added).

63.     The Mesa Defendants do not dispute PSOF ¶ 63 for the purposes of the Mesa Defendants' Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment regarding State Law Affirmative Defenses only.

64.     The Mesa Defendants do not dispute PSOF ¶ 64 for the purposes of the Mesa Defendants' Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment regarding State Law Affirmative Defenses only.

65.     The Mesa Defendants do not dispute PSOF ¶ 65 for the purposes of the Mesa Defendants' Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment regarding State Law Affirmative Defenses only.

66.     The Mesa Defendants do not dispute PSOF ¶ 66 for the purposes of the Mesa Defendants' Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment regarding State Law Affirmative Defenses only.

67.     **OBJECTION**. PSOF ¶ 67 misstates the cited authority. Det. Pezzelle did not testify that Pequeño was fatally wounded. *See* PSOF Ex. 2 at 148:20-149:4. Moreover, Det. Pezzelle has no foundation to say what is and is not a fatal wound.

68.     **OBJECTION**. PSOF ¶ 68 overstates the conclusions drawn by Dr. Grant Herndon in his autopsy. It is accurate that Dr. Herndon concluded that S.L.'s cause of death was a gunshot wound to the head. *See* DSOF ¶ 139. In fact, Dr. Herndon testified that he recovered a "single fragment of copper-colored metal jacketing with adherent gray metal from within the left cerebral hemisphere near the entrance defect." *See* DSOF ¶ 140. However, nowhere in the cited authority does Dr. Herndon testify that S.L.'s wound was "inflicted by Defendant Pezzelle" as Plaintiffs improperly editorialize herein. Indeed, Dr. Herndon could not render such an opinion as he has no expertise or foundation to offer such findings.

69.    **OBJECTION.** PSOF ¶ 69 is false based on the evidence in this case and the actual toxicology screening that occurred.  The hospital toxicology screening of S.L. was an antemortem toxicology screening and not a postmortem screening. PSOF ¶ 69 is also misleading because methamphetamine was only tested for and detected in one of the two samples (HB1, but not HB2). *See* DASOF ¶ 13.

70.    **OBJECTION.** PSOF ¶ 70 is false based on the evidence of this case. S.L.'s older sister Veronica Lane testified that S.L. did in fact use drugs. *See* DASOF ¶ 3. In fact, Veronica Lane and S.L. smoked recreational marijuana on a daily basis whenever they felt like it. *Id.* S.L.'s mother, Plaintiff Jennifer Lane, also knew that Veronica Lane and S.L. smoked marijuana together. *See* DASOF ¶ 4. Moreover, the Mesa Defendants' expert witness Dr. Mace Beckson concluded that "[i]t would be improbable that S.L.'s blood methamphetamine concentration would have been caused by secondhand smoke from another person smoking methamphetamine in a pipe." *See* DASOF ¶ 5.

71.    **OBJECTION**. While PSOF ¶ 71 accurately reflects the opinions of Dr. LoVecchio, those opinions are disputed. Dr. Beckson concluded that "[i]t would be improbable that S.L.'s blood methamphetamine concentration would have been caused by secondhand smoke from another person smoking methamphetamine in a pipe." *See* DASOF ¶ 5.

72.    **OBJECTION.** While PSOF ¶ 72 accurately reflects the opinions of Dr. LoVecchio, those opinions are disputed. The Mesa Defendants' expert witness Dr. Mace Beckson concluded that "it is more probable than not that [S.L.] was under the influence of methamphetamine at the time of the vehicle containment." *See* DASOF ¶ 6.

73.    **OBJECTION**. PSOF ¶ 73 ignores Dr. Beckson's expert conclusions that novice users of methamphetamines, like S.L., "may also be less capable of functioning under the influence of the drug." *See* DASOF ¶ 7.

74.    **OBJECTION**. PSOF ¶ 74 contains impermissible legal conclusions that should be excluded from consideration in this case. *See Shane McGough, Plaintiff v. Paul Penzone, et al., Defendants*, CV-18-01302-PHX-DJH, 20921 WL 157054, at *4 *(D.Ariz. Apr. 22,

2021) (Holding that opinions on whether the officers acted reasonably, or whether the suspect posed a threat were impermissible legal conclusions on ultimate issues of law). Additionally, even to the extent that the proffered opinions were permissible, they are contradicted by the record of this case. The Mesa Defendant's police practices expert, Kenneth Wallentine, opined that the use of force was appropriate and that the officers reasonably perceived Pequeño's actions as an immediate threat of death or serious bodily injury. *See* DASOF ¶ 8.

## II.   MESA DEFENDANTS' ADDITIONAL STATEMENTS OF FACT IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFFS' STATEMENT OF FACTS (DOC. 304).

1.   When in the field immediately prior to employing tactics to apprehend a suspect, the VOU detectives do not have the opportunity to conduct a formal briefing on issues such as minimizing risk of harm, use of force following a vehicle containment, use of force commands, or communicating with passengers inside the vehicle. [Bellows Depo. at 193:14-204:12, attached as **Exhibit 1**].

2.   At the time of the incident, Det. Pollard was operating a Ford Explorer. [Pollard Depo. at 205:13-14, attached as **Exhibit 2**].

3.   Veronica Lane smoked recreational marijuana with S.L. on a daily basis. [Veronica Lane Depo. at 42:17-43:14], attached as **Exhibit 3**].

4.   Jennifer Lane knew that Veronica Lane and S.L. both smoked marijuana together. [Jennifer Lane Depo. at 44:19-45:14; 46:20-47:12, attached as **Exhibit 4**].

5.   The Mesa Defendants' expert witness Dr. Mace Beckson concluded that "[i]t would be improbable that S.L.'s blood methamphetamine concentration would have been caused by secondhand smoke from another person smoking methamphetamine in a pipe." [Expert Report of Dr. Mace Beckson, CoM_LANE 009312-009624 at pg. 23, attached as **Exhibit 5;** *see Id.* 20-23].

6.   Dr. Beckson further concluded that "it is more probable than not that [S.L.] was under the influence of methamphetamine at the time of the vehicle containment." [Expert Report of Dr. Mace Beckson, CoM_LANE 009312-009624 at pg. 22, attached as **Exhibit 5**; *see Id.* 20-23].

7. Dr. Beckson concluded that a novice user of methamphetamine, like S.L., "may also be less capable of functioning under the influence of the drug." [Expert Report of Dr. Mace Beckson, CoM_LANE 009312-009350 at pg. 22, attached as **Exhibit 5;** *see Id.* 20-23].

8. The Mesa Defendant's police practices expert, Kenneth Wallentine, opined that the use of force was appropriate and that the officers reasonably perceived Pequeño's actions as an immediate threat of death or serious bodily injury. [Expert Report of Kenneth Wallentine, CoM_LANE 009625-009686 at pgs. 42, 45, 46, attached as **Exhibit 6**].

9. The following diagram depicts the relative positions of Detective Ekren's, Detective Pollard's, Detective Walag's, and Detective Dever's vehicles around the Toyota Corolla stolen by Pequeño. [*See* Diagram of the Vehicle Containment, attached as **Exhibit 7**].

10. Sandoval-Rosa saw that after the officers ordered the occupants of the Corolla to put their hands up, Pequeño made a sudden movement back towards the driver's side of the vehicle and then leaned over towards the center console. [Deposition Transcript of Damien-Sandoval Rosa at 12:1-14:4, attached as **Exhibit 8**].

11. The Mesa Defendants explicitly asserted all state law immunities and protections in their very first Responses to Mandatory Initial Discovery Pilot Program Requests which were served on April 5, 2019. [*See* Mesa Defendants' Initial Responses to MIDP Requests dated April 5, 2019, at pg. 53, attached as **Exhibit 9**]

12. The Mesa Defendants explicitly asserted all state law immunities and protections in each and every one of the Mesa Defendant's subsequent MIDP Responses, culminating in the Mesa Defendant's Twenty-Second Supplemental Responses, which were served on March 2, 2021. [*See* Mesa Defendants' Twenty-Second Supplemental Responses to MIDP Requests dated March 2, 2021, at pgs. 113-114, attached as **Exhibit 10**].

13. The Mesa Defendants asserted state law privileges and immunities as defenses in their Initial Disclosure Statement served pursuant to Arizona Rule of Civil Procedure 26.1 before this action was even removed to this Court. [*See* Mesa Defendants' State

1   Court Initial Disclosure Statement, at pg. 5, attached as **Exhibit 11**].

2          14.    The hospital toxicology screening of S.L. was an antemortem toxicology

3   screening, not a postmortem screening; methamphetamine was only tested for and detected

4   in one of the two samples (HB1, but not HB2). [*See* CoM_Lane 002062, attached as **Exhibit**

5   **12**; and Deposition Transcript of Dr. Mace Beckson at 73:16-24, attached as **Exhibit 13**].

6          DATED this 21st day of May, 2021.

7                    JONES, SKELTON & HOCHULI, P.L.C.

9               By /s/ Ian C. Beck
                      John T. Masterson
10                Joseph J. Popolizio
                      Justin M. Ackerman
11                Ian C. Beck
                      40 N. Central Avenue, Suite 2700
12                Phoenix, Arizona 85004
                      City of Mesa, Michael Pezzelle, James
13                Pollard, Hoapili Baker, Jalyn Bellows,
                      William Jones, Brandon Ekren, Andrew
14                Walag, and Donald Rudd

9416059.1

1

**CERTIFICATE OF SERVICE**

2
3
4

I hereby certify that on this 21st day of May, 2021, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

5
6
7
8
9
10
11
12

Joel B. Robbins
Jesse M. Showalter
Lauren E. Channell
Anne E. Findling
Robbins & Curtin, P.L.L.C.
301 East Bethany Home Rd., Suite B-100
Phoenix, Arizona 85012
joel@robbinsandcurtin.com
jesse@robbinsandcurtin.com
lauren@robbinsandcurtin.com
anne@robbinsandcurtin.com
Attorneys for Plaintiffs

13
14
15
16

John P. Torgenson
Torgenson Law
333 W. Roosevelt St.
Phoenix, Arizona 85003
jtorgenson@torgensonlaw.com
Attorney for Plaintiffs

17
18
19
20
21

J. Randall Jue
Chandler City Attorney's Office
P.O. Box 4008, MS602
Chandler, Arizona 85244-4008
Randy.Jue@chandleraz.gov
Attorney for City of Chandler
and Garrett Dever

22

23

/s/Karen Gawel

24
25
26
27
28

9416059.1