1

J. Randall Jue, SBN 014816
Chandler City Attorney's Office

2

P.O. Box 4008, MS602
Chandler, Arizona 85244-4008

3

Telephone (480) 782-4655
Facsimile (480) 782-4652

4

Attorney E-Mail: Randy.Jue@chandleraz.gov
Minute Entries: chandlercityattorney@chandleraz.gov

5

Attorneys for the City of Chandler and Garrett Dever

6

## UNITED STATES DISTRICT COURT

7

## DISTRICT OF ARIZONA

8

Jennifer Lane,

No. 2:19-cv-00852-SMB

9

Plaintiff,

10

vs.

City of Mesa, et al.,

**CHANDLER DEFENDANTS'
RESPONSE TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY
JUDGMENT RE: STATE LAW
AFFIRMATIVE DEFENSES**

11

Defendants.

12

(Assigned to Honorable Susan M.
Brnovich)

13

14      Defendants City of Chandler and Garrett Dever ("Chandler Defendants"), through

15  undersigned counsel, hereby respond to Plaintiff's Motion for Partial Summary Judgment Re:

16  State Law Affirmative Defenses ("PMSJ") pursuant to Rule 56, Fed. R.Civ. P., and LRCiv

17  56.1.  This Response is supported by the previously filed Chandler Defendants' Statement of

18  Facts in Support of Motion for Summary Judgment ("DSOF") [Doc. 310], the simultaneously

19  filed Chandler Defendants' Controverting State of Facts in Support of Their Response to

20  Plaintiff's Motion for Partial Summary Judgment Re: State Law Affirmative Defenses, and

21  the following Memorandum of Points and Authorities.

22  / / /

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    FACTUAL BACKGROUND.

Per LRCiv 56.1, "[a]ny party opposing a motion for summary judgment must file a statement" that (1) indicates whether the opposing party disputes each of the moving party's statement of facts and (2) "any additional facts that establish a genuine issue of material fact or otherwise preclude judgment in favor of the moving party."  In addition to simultaneously filing Chandler Defendants' Controverting State of Facts in Support of Their Response to Plaintiff's Motion for Partial Summary Judgment Re: State Law Affirmative Defenses, which includes additional facts ("ADSOF"), Chandler Defendants also rely on, and incorporate by reference, their previously filed Chandler Defendants' Statement of Facts in Support of Motion for Summary Judgment ("DSOF") [Doc. 310].

In addition, with respect to providing the factual background for this Response, Chandler Defendants also incorporate by reference, and direct the Court's attention, to the Factual Background Section set forth in their Motion for Summary Judgement (Doc. 309) for a rendition of the factual background of the above-captioned matter.

## II.   THE CITY DEFENDANTS ARE ENTITLED TO THE JUSTIFICATION DEFENSES UNDER A.R.S. §§ 13-404 THROUGH 13-413.

In Arizona, once the factual predicates of an applicable "justification" statute are established, A.R.S. § 13-413 provides nonliability for civil damages:

> No person in this state shall be subject to civil liability for engaging in conduct otherwise justified pursuant to the provisions of this chapter.

As to the interpretation of a statute, the primary goal is to effectuate the legislature's intent.  *Wade v. Ariz. St. Ret. Sys.*, 241 Ariz. 559, 561 ¶ 10, 390 P.3d 799, 801 (2017).  "If the

2

statute is subject to only one reasonable interpretation, we apply it without further analysis." *Id*. (citation omitted).

Thus, according to § 13-413, (1) no person in Arizona shall be subject to civil liability (2) if that person engages in conduct that is otherwise justified by a provision in Chapter 4 of title 13. In Plaintiff's PMSJ, she attempts to assert an *unreasonable* interpretation of § 13-413 that is not supported by any legal authority. Plaintiff contends that the "statutory language of the justification statutes makes clear that it does not permit a defendant to claim that the actions of one person justify using force against another person." (PMSJ 10, lines 10-11.) Nothing in §13-413 suggests such a narrow and convoluted interpretation. On the contrary, the more reasonable, and simplest interpretation, is that—if a person is justified in his actions—that person should not be exposed to civil liability. Because Garrett Dever's actions on the date of the subject incident ("Incident") were justified, the Plaintiff's PMSJ must be denied.

A. **DEFENDANT GARRETT DEVER WAS JUSTIFIED IN EXECUTING THE VEHICLE CONTAINMENT TO PREVENT BRANDON PEQUENO'S ONGOING THREAT TO USE THE PHYSICAL FORCE OF THE TOYOTA COROLLA.**

A.R.S. 13-409 provides as follows:

A person is justified in threatening or using physical force against another if in making or assisting in making an arrest or detention or in preventing or assisting in preventing the escape after arrest or detention of that other person, such person uses or threatens to use physical force and all of the following exist:

1. A reasonable person would believe that such force is immediately necessary to effect the arrest or detention or prevent the escape.

2. Such person makes known the purpose of the arrest or detention or believes that it is otherwise known or cannot reasonably be made known to the person to be arrested or detained.

1

2

3. A reasonable person would believe the arrest or detention to be lawful.

3

It is undisputed that, on April 20, 2017, Pequeno recklessly and dangerously fled the

4

Chandler Apartment Complex in Chandler in the Toyota Corolla he had stolen after attempting

5

to kidnap Gomez while brandishing a knife.  (DSOF ¶¶ 11-14.)  The Chandler police officer

6

who responded to the scene terminated their pursuit of Pequeno because he was driving through

7

red lights.  (DSOF ¶ 14.)  Thus, the evidence in the record establishes that Pequeno, as a fleeing

8

suspected felon, posed as an ongoing threat to use physical force (i.e., driving the Toyota

9

Corolla with total disregard for any human life in his path).  Moreover, it was (1) reasonable for

10

Dever to believe that the subject vehicle containment ("Vehicle Containment") was necessary to

11

effect the arrest of Pequeno, (2) it could not have been reasonably made known to Pequeno the

12

purpose of the arrest, but it *should have been known* to Pequeno, and (3) a reasonable person

13

would believe the arrest was lawful.  § 13-409.   Therefore, Dever's contribution to the

14

execution of the Vehicle Containment was justified and the PMSJ must be denied.

15

**B.   DEFENDANT GARRETT DEVER WAS JUSTIFIED IN EXECUTING THE VEHICLE CONTAINMENT TO PREVENT PEQUENO FROM COMMITTING AGGRAVATED ASSAULT WITH THE TOYOTA COROLLA, A DANGEROUS INSTRUMENT.**

16

17

A.R.S. § 13-411 provides as follows:

18

A. A person is justified in threatening or using both physical force and deadly physical force against another if and to the extent the person reasonably believes that physical force or deadly physical force is immediately necessary to prevent the other's commission of . . . aggravated assault under section 13-1204, subsection A, paragraphs 1 and 2.

19

20

21

A.R.S. § 13-1204 provides in pertinent part:

22

A. A person commits aggravated assault if the person commits assault as prescribed by section 13-1203 under any of the following circumstances:

1. If the person causes serious physical injury to another.

2. If the person uses a deadly weapon or dangerous instrument.

A "dangerous instrument" is "anything that under the circumstances in which it is used, attempted to be used or threatened to be used is readily capable of causing death or serious physical injury." A.R.S. § 13-105(12). A car may be a dangerous instrument. *State v. Davis*, No. 2 CA-CR 2007-0321, 2008 WL 2628944, at *2 ¶ 9 (Ariz. Ct. App. May 22, 2008).

For the same reasoning that was discussed above in Section II(A), Dever was justified in executing the Vehicle Containment to prevent Pequeno from using the Toyota Corolla to commit aggravated assault. § 13-411.

## C.   THE OTHER OFFICERS WERE JUSTIFIED IN USING DEADLY FORCE AGAINST PEQUENO DURING THE CONFRONTATION WITH PEQUENO  AFTER THE EXECUTION OF THE VEHICLE CONTAINMENT.

In the PMSJ, Plaintiff contends that "Pezzelle was not justified in using deadly force because the vehicle containment had been successful in effecting arrest or detention of all three people in the [Toyota] Corolla, they had no ability to escape, and the car was in park." (PMSJ 11, lines 18-21.)  Plaintiff's description of the situation after the execution of the Vehicle Containment omits significant and material facts, which support the position that the use of deadly force was justified.

A.R.S. § 13-410 provides as follows:

A. The threatened use of deadly physical force by a person against another is justified pursuant to section 13-409 only if a reasonable person effecting the arrest or preventing the escape would believe the suspect or escapee is:

1. Actually resisting the discharge of a legal duty with deadly physical force or with the apparent capacity to use deadly physical force; or

2. A felon who has escaped from lawful confinement; or

3. A felon who is fleeing from justice or resisting arrest with physical force.

C. The use of deadly force by a peace officer against another is justified pursuant to section 13-409 only when the peace officer reasonably believes that it is necessary:

1. To defend himself or a third person from what the peace officer reasonably believes to be the use or imminent use of deadly physical force.

2. To effect an arrest or prevent the escape from custody of a person whom the peace officer reasonably believes:

(a) Has committed, attempted to commit, is committing or is attempting to commit a felony involving the use or a threatened use of a deadly weapon.

(b) Is attempting to escape by use of a deadly weapon.
(c) Through past or present conduct of the person which is known by the peace officer that the person is likely to endanger human life or inflict serious bodily injury to another unless apprehended without delay.

The record supports the contention that Pezzelle was justified in using deadly force against Pequeno.  First, it is undisputed that the Toyota Corolla was not simply in "park." Sandoval, who was sitting in the front passenger seat of the vehicle, testified that Pequeno hit the gas.  (DSOF ¶ 36.)  Dever testified that he felt the Toyota Corolla pushing against his truck. (DSOF ¶ 37.)  Ekren testified that Pequeno made the Toyota Corolla rock back and forward. (DSOF ¶ 40.)  This behavior is not indicative of a person who intends to surrender to law enforcement in a non-violent way.  Second, Plaintiff fails to acknowledge that several witnesses observed Pequeno make furtive movements toward the center console of the Toyota Corolla and

Task Force members had information that Pequeno had wielded a knife at a bystander in Chandler and might be armed with a firearm stole from his girlfriend.  (DSOF ¶¶ 7, 13-15, 22, 38-40, 42-43.)

Thus, the record establishes that the criteria of § 13-410 for the justification of deadly forced was satisfied: (1) Pequeno appeared to have the apparent capacity to use deadly physical force (§ 13-410 (A)(1)), (2) Pequeno was a felon who is fleeing from justice (§ 13-410 (A)(2)), (3) Pezzelle reasonably believed that it was necessary to defend himself or the other officers from what he reasonably believed was the imminent use of deadly physical force (§ 13-410(C)(1)), and (4) Pezzelle reasonably believed it was necessary to effect an arrest of Pequeno whom Pezzelle believed had committed a felony involving the use of a deadly weapon (a knife) and was attempting to escape by use of a deadly weapon and Pezzelle knew that Pequeno was likely to endanger human life unless apprehended without delay (§ 13-410(C)(2)).

For all of these reasons, the Court must find that support exists in the record for the application of § 13-410 in favor of the Defendants and deny the PMSJ.

## III.   CHANDLER DEFENDANTS ARE ENTITLED TO THE DEFENSES AND/OR PRESUMTIONS FOUND IN A.R.S. § 12-712.

A.R.S. § 12-712(A) provides as follows:

> In any civil action, the finder of fact may find the defendant not liable if the defendant proves that the claimant or, if the claimant is an heir or the estate of a deceased person, the decedent was attempting to commit, committing or immediately fleeing from a felony criminal act and as a result of that act, attempted act or flight the claimant or decedent was at least fifty per cent responsible for the accident or event that caused the claimant's or decedent's harm.

Moreover, A.R.S. § 13-303 provides as follows in pertinent part:

A. A person is criminally accountable for the conduct of another if:

. . .

. . .

3. The person is an accomplice of such other person in the commission of an offense including any offense that is a natural and probable or reasonably foreseeable consequence of the offense for which the person was an accomplice.

In the instant case, it is undisputed that hours prior to the Vehicle Containment, Pequeno had committed a number of felony offenses in Chandler, including attempted kidnapping including attempted kidnapping (A.R.S. § 13-1304), aggravated assault (A.R.S. § 13-1204), vehicle theft (A.R.S. § 13-1904), and continued his crime spree to Glendale where he used heroin and methamphetamine (A.R.S. § 13-3408). (DSOF ¶¶ 10-14, 17.)  After Pequeno, Sandoval, and S.L. arrived at the Glendale Apartment Complex, Task Force member Andrew Walag arrived at the parking lot of the complex and drove past S.L. with his window down. (ADSOF ¶ 1.)  He heard S.L. look into his vehicle and indicated to Pequeno and Sandoval that Walag was not a police officer.  (*Id.*)

## IV.   CHANDLER DEFENDANTS ARE ENTITLED TO THE DEFENSES AND/OR      PRESUMTIONS FOUND IN A.R.S. § 12-716.

A.R.S. § 12-716(A) provides that "[i]f the court finds by a preponderance of the evidence that a Plaintiff is harmed while the plaintiff is attempting to commit, committing or fleeing after having committed or attempting to commit a felony criminal act," an officer is presumed to have acted reasonably to protect himself or another person, effect an arrest, or prevent an escape, as well as having been reasonably hired

and trained to use physical and deadly force.  For the same reasoning set forth above in

Section III, S.L. is potentially culpable as an accomplice to Penqueno's crime spree and,

as a result, Chandler Defendants are entitled to the availability of § 12-716.  Therefore,

the Court must deny the PMSJ on the issue too.

**V.      CHANDLER DEFENDANTS ARE ENTITLED TO A.R.S. § 12-820.02.**

A.R.S. § 12-802.02 provides individual defendants with qualified immunity for "[t]he

failure to make an arrest or the failure to retain an arrested person in custody."  Although

Plaintiffs argue that the Defendants should have arrested Pequeno before he got in the Toyota

Corolla, or done so when S.L. was not with him anymore, this is mere speculation.  Under the

law, it is up to the jury to decide if the Defendants have liability for failing to arrest Pequeno

sooner, rather than later based on the evidence in the records.  Therefore, the Court must find

that this is a viable defense available to the Chandler Defendants and deny PMSJ.

**VI.     CHANDLER DEFENDANTS ARE ENTITLED TO A.R.S. § 12-820.05.**

Plaintiff incorrectly contends that Chandler Defendants waived the absolute immunity

provided by A.R.S. § 12-820.05 by failing to affirmative assert it in their Answer.  On the

contrary, Chandler Defendants asserted it by setting forth that they claimed all available

privileges and immunities provided in A.R.S. § 12-820 et. seq.  (*See* Answer [Doc. 11].)  Thus,

Plaintiff's claim is false.  Moreover, Chandler Defendants explicitly reiterated this assertion of

A.R.S. § 12-820 et. seq. in their multiple Responses to Mandatory Initial Discovery Pilot

Program Requests.  Therefore, the Court must deny the PMSJ on this issue as well.

/ / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

## VII. CHANDLER DEFENDANTS ARE ENTITLED TO THE DEFENSE OF ASSUMPTION OF THE RISK.

Plaintiff contends that the City Defendants are not entitled to the defense of assumption of risk because the three required elements are not met. (PMSJ 15.) Plaintiff is incorrect and the Court must deny her request to preclude Chandler Defendants from asserting the defense of assumption of risk.

In Arizona, the elements of assumption of the risk are the following: (1) there must be a risk of harm caused by defendant's conduct; (2) plaintiff must have actual knowledge of the risk and appreciate its magnitude; and (3) plaintiff must voluntarily choose to enter or remain within the area of risk under circumstances that manifests her willingness to accept that particular risk. *Hildebrand v. Minyard*, 16 Ariz. App. 583, 585 (1972). In order for the assumption of risk to apply, a general knowledge of a danger is not sufficient but, rather, the plaintiff must have actual knowledge of the specific risk which injured her and appreciate its magnitude. *Garcia v. City of South Tucson*, 131 Ariz. 315, 640 P.2d 1117 (App.1982).

Plaintiff concedes that the first element is satisfied. (PMSJ 15, lines 20-22.) However, Plaintiff is too narrow with respect to her scope the Task Force's conduct. The conduct at issue was the Task Force members' pursuit and arrest of Pequeno, a dangerous felon who was using illicit drugs and on the run after committing an attempted kidnapping and assault in Chandler. This conduct posed a risk of harm to S.L. because of her decision to associate with Pequeno.

As to the second element, the record contains evidence that shows that S.L. knew that Pequeno was attempting to elude the police. Thus, it can be inferred that S.L. had actual knowledge of the particular risk—which was that law enforcement could be descending upon

Pequeno at any moment.  With respect to the third element, it is undisputed that S.L. voluntarily chose to remain with the area of risk by getting in the Toyota Corolla with Pequeno.

Therefore, the record establishes that all the defendants, including Chandler Defendants, are entitled to the defense of assumption of risk.

**VIII.   CONCLUSION.**

Based on the foregoing arguments, the Chandler Defendants request that the Court deny the PMSJ.

RESPECTFULLY SUBMITTED this 21st day of May, 2021.

CHANDLER CITY ATTORNEY'S OFFICE

/s/ J. Randall Jue
J. RANDALL JUE
Assistant City Attorney for Defendants
City of Chandler and Garrett Dever

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of May 2021, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

I further certify that on the 21st day of May 2021, I have emailed the foregoing document to the following:

Joel B. Robbins
Jesse M. Showalter
Robbins & Curtin, P.L.L.C.
301 East Bethany Home Rd., Suite B-100
Phoenix, AZ 85012
joel@robbinsandcurtin.com
jesse@robbinsandcurtin.com
lauren@robbinsandcurtin.com
Attorneys for Plaintiff

11

John P. Torgenson
Torgenson Law
333 W. Roosevelt St.
Phoenix, AZ 85003
jtorgenson@torgensonlaw.com
Attorney for Plaintiff

Joseph J. Popolizio
John T. Masterson
Justin M. Ackerman
Jones, Skelton & Hochuli, P.L.C.
40 North Central Ave., Suite 2700
Phoenix, AZ 85004
jmasterson@jshfirm.com
jpopolizio@jshfirm.com
jackerman@jshfirm.com
Attorneys for Defendant City of Mesa

/s/ Kellie Evans