Joel B. Robbins, Esq. (011065)
Anne E. Findling, Esq. (010871)
Jesse M. Showalter, Esq. (026628)
Lauren E. Channell, Esq. (033484)
**ROBBINS & CURTIN, p.l.l.c.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Tel: (602) 285-0100
Fax: (602) 265-0267
joel@robbinsandcurtin.com
anne@robbinsandcurtin.com
jesse@robbinsandcurtin.com
lauren@robbinsandcurtin.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Lane, *et al.*,<br><br>    Plaintiffs,<br><br> vs.<br><br>City of Mesa, *et al.*,<br><br>    Defendants. | No. 2:19-cv-00852-SMB<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT RE: STATE LAW AFFIRMATIVE DEFENSES (DKT. 303)**<br><br>**Oral Argument Requested** |

In their Responses (Dkts. 326 and 328), the Defendants fail to rase any facts supporting their affirmative justification defenses or the defense of assumption of the risk. As a matter of law, Defendants are not entitled to any defense or immunity under A.R.S. §§ 13-404, *et seq*., 12-712, 12-716, 12-820.02, 12-820.05, or to common law assumption of the risk. Defendants have not identified any evidence whatsoever to show that 17-year-old S.L. did anything to justify the Officer Defendants' use of force, that she was injured while committing or attempting to commit a felony, or that she knowingly and voluntarily assumed the risk of being trapped in the Toyota Corolla and shot by police.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

Defendants have failed to show that the Officer Defendants' conduct falls under one of the enumerated events that could provide qualified immunity under A.R.S. § 12-820.02, and they have waived the ability to claim absolute immunity for their employees' felony criminal acts under A.R.S. § 12-820.05 by failing to specifically assert it and to disclose the factual and legal basis to support it.

Finally, Defendants are not entitled to state law qualified immunity because they did not allege that defense in their Answers.

## I. Arizona's justification statutes do not immunize officers from claims by third parties whose conduct did not justify the use of force.

As a matter of law, Defendants cannot show that the killing of S.L. was justified under A.R.S. §§ 13-404, -405, -406, -409, -411, or -413. Indeed, Defendants do not claim that S.L. did anything to justify any use of force against her. Instead, Defendants argue that Brandon Pequeño's actions justified everything they did. That argument ignores the plain language of the statutes.

The plain language of Arizona's justification statutes only immunizes defendants from claims brought by the person whose conduct justified the use of force. For example, A.R.S. § 13-404 provides that ". . . a person is justified in threatening or using physical force *against another* when and to the extent a reasonable person would believe that physical force is immediately necessary to protect himself *against the other's* use or attempted use of unlawful physical force. A.R.S. § 13-404(A) (emphasis added).

Section 13-409, which applies to the use of physical force in law enforcement, contains similar language and states that "[a] person is justified in threatening or using physical force *against another* if in making or assisting in making an arrest or detention or in preventing or assisting in preventing the escape after arrest or detention of *that other person*, such person uses or threatens to use physical force" several other conditions are met. A.R.S. § 13-409 (emphasis added). There is no justification, and, therefore no immunity for the use of force against a third party or bystander.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

**ROBBINS & CURTIN, P.L.L.C.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

In *State v. Fowler*, 216 A.3d 152 (N.J. 2019), the Supreme Court of New Jersey examined that state's similarly worded justification statute in a criminal case where the defendant claimed self-defense after his gun allegedly discharged during a struggle over the gun with an aggressor. The bullets did not strike the aggressor but ricocheted off the sidewalk and struck and killed a bystander. 216 A.3d at 155. The trial court rejected the defendant's request for a self-defense instruction because the victim had not been involved in the struggle for the gun. *Id.* at 157.

The supreme court affirmed the trial court's decision, noting that New Jersey's self-defense justification statute did not apply to force inflicted upon third parties, accidentally or otherwise. The statute provided that "the use of force <u>upon or toward another person</u> is justifiable when the actor reasonably believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force <u>by such other person</u> on the present occasion." *Id.* at 161 (emphasis in original). The court explained:

> The plain language of our self-defense statute clearly indicates that it is inapplicable to the factual scenario proffered by [the co-defendant]. **The language of the statute is not drafted to address force used against third parties, but rather offers justification for force used against a party who uses force against the defendant.** Therefore – as noted by the trial court, and ultimately not contested by either defendant's attorney – a self-defense instruction would have been appropriate had Jones, the alleged attacker, been the victim, but not Johnson as a third-party bystander.

*Id.* (emphasis added). Because "the death of a bystander does not fit in the wording of [the] self-defense statute," the trial court did not err in declining the defendant's request for a self-defense instruction. *See id.*

Defendants claim that *Ryan v. Napier*, 245 Ariz. 54, 425 P.3d 230 (2018), suggests that "so long as the conduct at issue was justified against Pequeño under one (or all) of the justification statutes, Plaintiff's theory of recovery (i.e., on behalf of S.L.) cannot change the immunity afforded under § 13-413." *See* Mesa Defendants' Response, Dkt. 326, p. 11. This argument is misplaced because the *Ryan* decision did not address the use of force against a

third party. The court's reference to the plaintiff's "theory of recovery" in that case was in the context of its ruling that the plaintiff could not circumvent the justification statutes by pleading a claim for the "negligent use of intentionally inflicted force." *See Ryan*, 425 P.3d at 235, 239. Here, Plaintiff has not attempted to "circumvent" any statute. Rather, it is the Defendants who are attempting to circumvent the plain language of the justification statute.

Summary judgment is appropriate because there is no dispute that S.L. did anything to justify the Officer Defendants' use of force against her when they executed the vehicle containment and when Pezzelle fired his gun into her window. They cannot show that S.L. used or threatened to use any force against them, that she was violently resisting arrest or attempting to escape, or that she was committing a violent crime. *See e.g.*, A.R.S. §§ 13-404, -405, -409, -410, -411. Viewing the facts in the light most favorable to Defendants, and assuming the Officer Defendants reasonably believed that Pequeño posed an imminent threat to them and that they intended to direct their force only at him, this is not sufficient to support the application of any statutory justification defense. While these factual assumptions may have precluded any claims brought by or on behalf of Pequeño, he is not a party to this case.

Defendants are not entitled to any justification defense because their allegedly inadvertent harm to S.L. "does not fit in the wording of our self-defense statute[s]," and Defendants cannot show any conduct on the part of S.L. that justified their force. *Fowler*, 216 A.3d at 161.

## II. Defendants are not entitled to absolute immunity under A.R.S. § 12-820.05 or qualified immunity under A.R.S. § 12-820.02.

### A. Defendants' vague attempt to claim "all available privileges and immunities" is insufficient to avoid waiver of absolute immunity under A.R.S. § 12-820.05.

Defendants claim they did not waive absolute immunity under A.R.S. § 12-820.05 because their Answers asserted vague, catch-all provisions alleging they were entitled to "the privileges and immunities set forth in A.R.S. § 12-820 *et seq*., including absolute and qualified immunity arising out of this incident." *See* Mesa Defendants' Answer, Dkt. 12, p. 36; *see also* Chandler Defendants' Answer, Dkt. 11, p. 38. Courts routinely strike or dismiss

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

catch-all phrases attempting to assert "all defenses" or "all immunities" as vague and conclusory. *See e.g., Bird v. Oregon Comm'n for the Blind*, 2019 WL 2375504, at *9 (D. Or. Mar. 11, 2019), *report and recommendation adopted,* 2019 WL 2375136 (D. Or. June 1, 2019) (granting motion to dismiss respondent's alleged defenses to "preserve all defenses"); *Moore v. BASF Corp.*, 2012 WL 4794319, at *3 (E.D. La. Oct. 9, 2012) (noting that "this catch-all defense does not permit the defendant to present affirmative defenses that were not identified in its answer"); *Disability Rights New Jersey, Inc. v. Velez*, 2011 WL 4436550, at *5 (D.N.J. Sept. 23, 2011) (striking the defendant's absolute immunity defense where the defendant failed to identify which type of immunity (e.g., legislative or judicial) was being asserted and the factual basis for it); *F.D.I.C. v. Modular Homes, Inc.,* 859 F.Supp. 117, 121 (D.N.J. 1994) ("Affirmative defenses are pleadings; therefore, they are subject to Federal Rule of Civil Procedure 8(a), which calls for the pleader to set forth a short and plain statement, of the defense. Defenses that are nothing but bare bones conclusory allegations can be stricken.") (internal citations omitted).

Defendants never specifically asserted an affirmative defense under A.R.S. § 12-820.05 and never disclosed the factual and legal basis to support absolute immunity under this provision, which immunizes public entities for losses that arise out of a public employee's felony conduct. *See* A.R.S. § 12-820.05(B); *see also* Fed. R. Civ. P. 8(C) (providing "a party must affirmatively state any . . . affirmative defense"). Notably, the Court's General Order 17-08 required the parties to identify the relevant facts and legal theories for each claim or defense asserted. *See* Dkt. 3, p. 7. The City Defendants have never taken the position that any Officer Defendant committed a felony when they trapped S.L. in the Corolla for the shootout. Thus, no factual or legal basis for this defense was ever disclosed, and there are no disputed factual issues that would allow Defendants to survive summary judgment on this issue.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

**B.    Defendants are not entitled to qualified immunity under A.R.S. § 12-820.02 because they did not fail to make an arrest.**

Defendants are not entitled to state law qualified immunity because Plaintiff's wrongful death claim is premised, in part, on the Officer Defendants' assault and battery of S.L. There is no claim that the Officer Defendants were negligent in "fail[ing] to make an arrest or . . . fail[ing] to retain an arrested person in custody." *See* A.R.S. § 12-820.02(A)(1). There is no question that the Officer Defendants arrested all three occupants of the Toyota Corolla when they executed the vehicle containment. *See Villanueva v. California*, 986 F.3d 1158, 1166 (9th Cir. 2021) ("A person is seized under the Fourth Amendment 'when there is a governmental termination of freedom of [his] movement through means intentionally applied.'"). Plaintiff's state law claims arise out of this event and the Officer Defendants' subsequent use of deadly force. While there are hypothetical alternatives that the Officer Defendants could have chosen (such as arresting Pequeño at a later time when S.L. was not present), those hypotheticals did not actually occur and do not serve as the basis for Plaintiff's claims and Defendants' liability.

The Mesa Defendants argue that Plaintiff's motion is "premature"[1] and that the Court should refrain from ruling on the applicability of statutory qualified immunity until "pretrial proceedings and/or motions in limine." *See* Dkt. 326, p. 13. That argument is baseless. Rule 56 allows a party to move for summary judgment on all or part of any claim or defense. *See* Fed. R. Civ. P. 56(a). Discovery is closed, and no other facts that could potentially support Defendants' claim of qualified immunity will suddenly be discovered at this late stage. Defendants have not shown that there is any genuine factual issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (providing that a party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials

---

[1]    The Mesa Defendants' assertion that Plaintiff did not meet and confer with them prior to filing her Motion is irrelevant. The Defendants did not meet and confer with Plaintiff prior to filing their own summary judgment motions and Plaintiff is not aware of any rule or requirement to confer with an opposing party prior to filing a Rule 56 motion.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

**ROBBINS & CURTIN, P.L.L.C.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."). Ruling on this issue at the summary judgment stage will allow the parties ample opportunity to efficiently prepare for trial.[2]

**III.    Summary judgment on the assumption of the risk defense is appropriate and does not violate the Arizona Constitution because there is no evidence that S.L. knowingly and voluntarily accepted a risk.**

Despite the "broad language" of Article 18, Section 5, of the Arizona Constitution, "this provision does not guarantee a defendant an unqualified right to raise assumption of risk as a defense." *A Tumbling-T Ranches v. Flood Control Dist. of Maricopa County*, 222 Ariz. 515, 539–40, ¶ 79, 217 P.3d 1220, 1244–45 (App. 2009) (citing *Gonzales v. Ariz. Pub. Serv. Co.,* 161 Ariz. 84, 90, 775 P.2d 1148, 1154 (App. 1989)). "Instead, to receive this instruction a defendant must present evidence showing: (1) a risk of harm to the plaintiff caused by the defendant's conduct; (2) plaintiff's actual knowledge of the risk and appreciation of its magnitude; and (3) plaintiff's voluntary choice to accept the risk given the circumstances. *Id.* (citing *Hildebrand v. Minyard,* 16 Ariz. App. 583, 585, 494 P.2d 1328, 1330 (1972)).

In *A Tumbling-T Ranches*, the Arizona court of appeals affirmed a trial court's refusal to give a jury instruction on assumption of the risk where the defendant had not produced any evidence that the plaintiffs had knowingly and voluntarily accepted the risk of future flooding caused by the defendant's construction of a flood control project. The court noted that it had previously "distinguished contributory negligence from assumption of risk, with the latter being *very limited in nature* . . . and noted that the standard applied for assumption

---

[2]    The Mesa Defendants also claim they "in no way concede, and neither do Plaintiffs argue, that state common law qualified immunity would not apply here." Dkt. 326, p. 13, n. 11. Plaintiff did not raise the issue of common law qualified immunity in her Motion for Partial Summary Judgment because Defendants never asserted this affirmative defense in their Answers. In fact, the Answers of both the Mesa and Chandler Defendants are completely devoid of any reference to "common law qualified immunity." *See* Dkt. 11; Dkt. 12. Like the absolute immunity under A.R.S. § 12-820.05, any common law qualified immunity has been waived.

of risk is subjective, inquiring as to what the plaintiff actually saw, knew, understood, or appreciated about the risk." *Id.* (citing *Hildebrand*, 494 P.2d at 1330-31) (emphasis added).

In their Responses, Defendants do not set forth any evidence showing that S.L. had actual knowledge of the risk the Officer Defendants' conduct presented, that she appreciated the magnitude of the risk, or that she made a voluntary choice to accept that risk. *Id.* Defendants simply attempt to assert the same "unqualified right" to assert this defense that the Arizona court of appeals rejected in *A Tumbling-T Ranches*.

The Chandler Defendants claim that the "record contains evidence that shows that S.L. knew that Pequeño was attempting to elude the police." *See* Dkt. 328, p. 10. But they do not explain what evidence they purport to rely on and do not cite to any party's statement of facts. *See id.* This unfounded and conclusory statement, even if accepted as true for purposes of this motion, shows nothing more than S.L. may have known that Pequeño was eluding police. It does not prove that she knew the Officer Defendants had covertly surrounded the trio in the parking lot, that they planned to crash their vehicles into the Corolla and trap her inside, that they anticipated a "shootout" with Pequeño, and that they were going to fire their weapons into the passenger compartment where she was sitting. It does not prove that S.L. appreciated the magnitude of this risk. And it does not prove that she voluntarily chose to get into the Corolla with the knowledge that these events would unfold. There is no evidence to support an assumption of the risk defense, and summary judgment should be entered in Plaintiff's favor.

**IV.    Defendants are not entitled to any defense or presumption under A.R.S. §§ 12-712 or 12-716 because there is no evidence that S.L. was committing, attempting to commit, or fleeing after having committed any felony criminal act when the containment and shooting occurred.**

The affirmative defense under A.R.S. § 12-712 and presumption under A.R.S. § 12-716[3] only apply if the defendant proves that the plaintiff or decedent's harm occurred while

---

[3]    Defendants agree that the intoxication defense under A.R.S. § 12-711 does not apply to the facts of this case.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ◆ Fax: (602) 265-0267

the plaintiff or decedent "was attempting to commit, committing or immediately fleeing from a felony criminal act . . . ." A.R.S. § 12-712(A); *see also* A.R.S. § 12-716(A). S.L. was not doing any of these things at the time she was harmed.

Defendants' Responses again focus mostly on Pequeño's behavior, which is not relevant because he is neither a plaintiff nor the decedent in this wrongful death case. Defendants attempt to bring S.L.'s conduct under the purview of the statutes by claiming she may have been aiding and abetting Pequeño (based on Defendant Walag's uncorroborated claim that S.L. looked at him and told Pequeño he was not a police officer) or that she may have consumed methamphetamine at some unspecified point in the past. *See* Dkt. 326, pp. 14-15. Even when these allegations are taken in the light most favorable to Defendants and accepted as true for the purpose of deciding this Motion, Defendants are still not entitled to the defense or presumption under either statute because S.L.'s injury did not occur while she was actively committing, attempting to commit, or immediately fleeing from the commission of either offense.

Defendants cannot say with any specificity when S.L. was alleged to have consumed methamphetamine. Their expert only contends that it was "improbable" that her blood methamphetamine concentration was the result of secondhand smoke. *See* Dkt. 326, p. 15. The alleged consumption could have occurred hours or days in the past. And even if S.L. did act as a "lookout" for Pequeño, that event occurred a considerable period of time before the vehicle containment and shooting, before S.L. and Pequeño entered and spent time inside the apartment, and before they returned to the parking lot and got into the Corolla. *See* PSOF, Dkt. 304, ¶¶ 14-15, 27. The plain language of A.R.S. § 12-712 and § 12-716 establish that they do not apply if a plaintiff or decedent is injured after the alleged felony is complete.

## V.     Conclusion

Plaintiff requests that the Court grant partial summary judgment and find, as a matter of law, that Defendants are not entitled to: (a) the "criminal act," "intoxication," or "justification" defenses under A.R.S. §§ 12-711, 12-712, 12-716, or 13-404, *et seq.*; (b)

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

qualified immunity under A.R.S. § 12-820, *et seq.*; (c) absolute immunity under A.R.S. § 12-820.05; and (d) the defense of assumption of risk.

RESPECTFULLY SUBMITTED: June 21, 2021

ROBBINS & CURTIN, p.l.l.c.

By:  /s/ Jesse M. Showalter
     Joel B. Robbins
     Jesse M. Showalter
     301 E. Bethany Home Road, Ste. B-100
     Phoenix, Arizona 85012
     *Attorneys for Plaintiff*

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

**CERTIFICATE OF SERVICE**

I hereby certify that on June 21, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

John P. Torgenson, Esq.
Torgenson Law
333 W. Roosevelt Street
Phoenix, Arizona 85003
jtorgenson@torgensonlaw.com
*Co-Counsel for Plaintiff*

John T. Masterson, Esq.
Joseph J. Popolizio, Esq.
Justin M. Ackerman, Esq.
Ian C. Beck, Esq.
Jones, Skelton & Hochuli, P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
jmasterson@jshfirm.com
jpopolizio@jshfirm.com
jackerman@jshfirm.com
ibeck@jshfirm.com
*Attorneys for Mesa Defendants*

J. Randall Jue, Esq.
Chandler City Attorney's Office
P.O. Box 4008, MS602
Chandler, Arizona 85244-4008
randy.jue@chandleraz.gov
*Attorneys for Chandler Defendants*

/s/ Julie W. Molera

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267